## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*United States v. 3M Company*
Case No. 3:20-mc-53
_____/

## ORDER

Pending before the Court is the Government's motion to quash

Defendants' non-party deposition subpoena to Ms. Cheryl Parker (an

employee of the Department of Veterans Affairs) pursuant to Federal Rule

of Civil Procedure 45 and *United States ex rel. Touhy v. Ragen*, 340 U.S.

462 (1951) ("*Touhy*").  MC ECF No. 1.[1]  Judge Richard Gergel transferred

the motion to quash from the District of South Carolina to this Court on

October 5, 2020, MC ECF No. 9, and Defendants have filed a response in

opposition to the motion, MC ECF No. 14.  For the reasons discussed

below, the Government's motion is **DENIED**.

_____

[1] For ease of reference, citations to the docket in this miscellaneous matter (Case No.
3:20-mc-53-MCR-GRJ) are "MC ECF No. __."  Citations to the docket in the MDL (Case
No. 3:19-md-2885-MCR-GRJ) are "MDL ECF No. __."

This motion is one of a series of petitions or motions to question filed by the Government concerning Defendants' discovery subpoenas to current VA employees.  *See United States v. 3M Company*, Case No. 3:20-mc-49-MCR-GRJ, ECF No. 1 (N.D. Fla. Sept. 2, 2020) (as to Dr. Leslie Schulman); *United States v. 3M Company*, Case No. 3:20-mc-54-MCR-GRJ (N.D. Fla. Sept. 18, 2020) (as to Dr. Jodee Donaldson).  Last week, the Court entered a comprehensive order denying the Government's petition to quash a subpoena to VA audiologist Dr. Leslie Schulman.  *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:20-mc-49, 2020 WL 5994266, at *1 (N.D. Fla. Oct. 9, 2020) ("*Schulman*").  Because much of the background, applicable law, and arguments addressed in *Schulman* are the same as to Ms. Parker—and the parties are intimately familiar with them—the Court will not restate them unless it is necessary to understanding the Court's reasoning.

## I.  BACKGROUND

This multidistrict litigation is a collection of products liability actions concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2").  Plaintiffs are servicemembers, veterans, and civilians seeking damages in this action for hearing loss, tinnitus, and related

injuries caused by their use of the CAEv2.  MDL ECF No. 704.  Defendants

dispute these allegations.  MDL ECF No. 959.

The Government is not a party to this litigation, MDL ECF No. 704 at

¶¶ 16-20, but the parties have identified the United States' various

agencies and employees as critical sources of third-party discovery.  On

July 28, 2020, Defendants sent the VA Office of the General Counsel a

request to take the deposition of Ms. Parker, an audiologist at the Ralph H.

Johnson VA Medical Center in Charleston, S.C.  MC ECF No. 14-1.

Defendants stated that Ms. Parker's testimony was relevant because she

conducted "at least one audiogram and hearing evaluation on Bellwether

Plaintiff Lloyd Eugene Baker, including in October 2009 in connection with

his application to the VA for disability benefits."  *Id.* at 2.  Defendants

sought to depose Ms. Parker regarding:

> (i) the October 2009 hearing evaluation and audiogram
> appointment with Plaintiff Baker, and Dr. Parker's records
> relating to that evaluation (and any other hearing evaluations and
> audiograms that Dr. Parker conducted of Plaintiff Baker); (ii) Dr.
> Parker's notes from her evaluation(s) of Plaintiff Baker; (iii) Dr.
> Parker's evaluation of the October 2009 audiogram and
> associated notes; and (iv) any other evaluation or treatment that
> Dr. Parker did of Plaintiff Baker or appointments that Plaintiff
> Baker had with Dr. Parker.

*Id.* at 3.

On August 19, 2020, in accordance with the Court's direction memorialized in Pretrial Order No. 50, Defendants issued a subpoena to Ms. Parker for an in-person or remote deposition on September 14, 2020. MC ECF No. 14-2.  The VA objected to the subpoena in a letter to Defendants' counsel, dated September 8, 2020.  MC ECF No. 14-3.

The VA's objections are divided neatly into three categories.  First, the VA argued that Defendants' subpoena is unduly burdensome because removing Ms. Parker, a "mission-essential employee," from her duties on the VA's "COVID response team"— which the VA described as an "integral" group "responsible for daily communications with and the reporting of those VA employees that have been have been tested or need to be tested for COVID, have tested positive for COVID, and/or have experienced COVID related symptoms"—would be "detrimental" to the VA and its COVID response operations[.]"  *Id.* at 3–4.  In the same vein, the VA claimed that Ms. Parker's deposition is unnecessary because Defendants have Plaintiff Baker's treatment records, and Ms. Parker has no independent recollection of treating Plaintiff Baker.  *Id.*  Second, the VA raised myriad procedural objections to Defendants' subpoena, challenging its breadth, notice, service, and cumulative impact. *Id.* at 4–6.  Finally, the VA argued that Defendants' request to depose Ms. Parker failed to satisfy nine of the 15

4

factors enumerated in 38 C.F.R. § 14.804 for the VA to consider, which the Court addresses below.  *Id.* at 6–11.

## II.  LEGAL STANDARD

As this Court explained in *Schulman*, the Government's motion to quash is governed by the Housekeeping Statute (5 U.S.C. § 301), the VA's *Touhy* regulations (38 C.F.R. § 14.800, *et seq.*), and the Administrative Procedure Act ("APA") (5 U.S.C. § 706).  *Schulman*, 2020 WL 5994266 at **3–5; *see also Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).  In short, there are three important principles: (1) the Housekeeping Statute authorizes the VA to adopt regulations concerning testimony by agency employees and the production of government documents, *Touhy*, 340 U.S. at 463; (2) the VA considers 15 factors set forth in § 14.804 when deciding under § 14.807 whether to authorize agency employees to testify or produce documents; and (3) the Court must determine whether the VA's decision to authorize or preclude discovery from its employees is arbitrary and capricious under the APA, such that the agency failed to "examine[] the relevant data" or articulate "a rational connection between the facts found and the choice made," *Dep't of Commerce v. New York*, 138 S. Ct. 2551, 2569 (2019).

5

### III.  DISCUSSION

Turning to the dispute at hand, the Government argues that the subpoena to Ms. Parker should be quashed because Defendants failed to comply with the VA's *Touhy* regulations, the VA's decision to preclude Ms. Parker's deposition is not arbitrary and capricious, and the proposed deposition is unduly burdensome under Rule 45.  ECF No. 1 at 3–7.  Defendants say that they complied with the VA's *Touhy* regulations by providing the VA a written summary of the information sought and its relevance to these proceedings, that the VA's decision to preclude Ms. Parker's deposition is arbitrary and capricious because the agency failed to consider the relevance of her testimony, and that the subpoena does not impose any undue burden on Ms. Parker.  ECF No. 14 at 3–6.  Upon review of the administrative record,[2] the Court concludes that the Government's motion to quash is due to be denied.  The Court will address each of the Government's arguments in turn.

---

[2] "[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."  *Dep't of Commerce*, 139 S. Ct. at 2573.  To the best of the Court's knowledge, the Government's motion and Defendants' response do not present extra-record material that was not considered by the VA.

**A.    The Written Summary Requirement**

As a preliminary matter, the Government contends that Defendants'

subpoena should be quashed because it does not comply with the VA's

*Touhy* regulations.  MC ECF No. 1 at 4–6.  Specifically, the VA requires

that a "request or demand for testimony or production of documents" be

> in, or accompanied by, a written statement by the party seeking
> the testimony or records or by the party's attorney, a summary of
> the nature and relevance of the testimony or records sought in
> the legal proceedings containing sufficient information for the
> responsible VA official to determine whether VA personnel
> should be allowed to testify or records should be produced.

38 C.F.R. § 14.805.  At first blush, the Government's argument has some

traction.  However, this argument fails on both the law and the applicable

facts.

For starters, the Court is not persuaded that the VA enjoys a right

under § 14.805 to deny an otherwise valid *Touhy* request—or, in this case,

to move to quash a subpoena of an employee—because the requesting

party did not provide the written statement contemplated by the regulation.

The regulation tells the VA how it should proceed when a written statement

is not provided.  *See* 38 C.F.R. § 14.805 ("Where the materials are

considered insufficient to make the determination as described in § 14.807,

the responsible VA official may ask the requester to provide additional

information.").  Notably absent is what occurred here, the denial of the

7

*Touhy* request and a motion to quash a subpoena because the request or demand was supposedly insufficient.  The Government's offered interpretation of § 14.805, therefore, seems implausible.

In any event, Defendants' complied with this regulation because their initial July 28, 2020, *Touhy* request provided the VA a summary of this litigation, Ms. Parker's relation to Plaintiff Baker's case, and the topics for deposition.  MC ECF No. 14-1 at 2–3.  The mere fact that Defendants did not provide the same explanation to the VA with their subpoena is inconsequential because Defendants had sufficient information from the July 28, 2020, *Touhy* request to make the determination described in § 14.807.  *See Brown v. U.S. Dep't of Veterans Aff.*, No. 2:17-cv-1181-TMP, 2017 WL 3620253, at *6 (N.D. Ala. Aug. 22, 2017) ("The combination of the letter, the attached subpoena, and email correspondence plainly notified the VA of the nature of the information sought from Dr. Khan and the reasons it was needed….The VA had enough information before it to apply the factors enumerated in § 14.804 and make a decision regarding the testimony of Dr. Khan.").  Indeed, the VA referred to Defendants' July 28, 2020, letter and their explanations in the agency's decision to preclude Ms. Parker's deposition.  MC ECF No. 14-3 at 2.  The Court, therefore, will not quash Defendants' subpoena on this basis.

**B.    APA Review**

The Government argues that the VA's decision is not arbitrary and capricious because the VA considered and applied the factors set forth in 38 C.F.R. §§ 14.804(a), (b), (c), (d), (f), (i), (j), (l), and (o).  MC ECF No. 1 at 3–4; *see also* MC ECF No. 14-3 at 7–11.  The VA's conclusive reasoning as to Ms. Parker is nearly identical to that underlying the agency's decision to preclude Dr. Schulman's deposition.  *Compare id.* (addressing Ms. Parker), *with* Case No. 3:19-mc-49-MCR-GRJ, ECF No. 12-3 at 7–11.  The only material differences are that Ms. Parker is part of a COVID response team, and her evaluation of Plaintiff Baker took place 11 years ago.  Nevertheless, the result is the same.  That is, the VA's reasoning fails APA review because it is arbitrary and capricious.

First, the VA's decision to withhold Ms. Parker's testimony based on her workload is irrational.  *Schulman*, 2020 WL 5994266 at *6.  Although Defendants and the Court are not in the position to challenge the VA's assertion that Ms. Parker has a mission-essential role at the VA or the agency's judgment as to the allocation of its resources, *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011), the claim that she is "too busy" as part of the VA's COVID response team is essentially an impermissible "blanket ban on all requests for testimony," *Moore*, 927 F.2d at 1198, which

9

is tantamount to an evidentiary privilege the Government does not enjoy. This is because the VA only offered the conclusory assertion that the time spent preparing Ms. Parker for deposition and the time spent in her deposition would "equate to hours and days away from her mission-critical position[.]"  MC ECF No. 14-3 at 8.  Indeed, the VA failed to offer any rational explanation as to why Ms. Parker's remote deposition could not take place around her work obligations and at a time convenient for her. This was error because the Government "may not refuse to comply with a subpoena by generally asserting there is a national crisis or that it cannot perform essential government functions."  *Sentinel Cap. Orlando, LLC v. Centennial Bank*, No. 6:12-cv-785-Orl-36GJK, 2013 WL 12156678, at *6 (M.D. Fla. Apr. 2, 2013); *see also Rhoads v. U.S. Dep't of Veteran Aff.*, 242 F. Supp. 3d 985, 994–95 (E.D. Cal. 2017); *Ceroni v. 4Front Engineered Sols.*, 793 F. Supp. 2d 1268, 1278 (D. Colo. 2011).

Second, the VA failed to consider the relevancy of Ms. Parker's testimony based on her statement that she is unable to recall her evaluation of Plaintiff Baker.  MC ECF No. 14-3 at 8.  Defendants, however, plan to question Ms. Parker about her records from the evaluation, her progress notes, and any other evaluation or treatment she provided to Plaintiff Baker.  MC ECF No. 14-1 at 3.  This testimony is relevant to

Plaintiff Baker's supposed injuries, and—as with Dr. Schulman's evaluation of Plaintiff Vernon Rowe—Ms. Parker does not need an independent recollection of the evaluation to explain Plaintiff Baker's medical records or her practices as an audiologist.  *Schulman*, 2020 WL 5994266 at \*\*6–7; *Brown*, 2017 WL 3620253, at \*8 n.12.  The VA's reasoning is also faulty because the agency failed to consider whether Dr. Parker's testimony about these topics was "appropriate or necessary" under the rules governing the admissibility of Ms. Parker's examination records for Plaintiff Baker.  *Portaleos v. Shannon*, No. 5:12-cv-1359-LEK-TWD, 2013 WL 4483075, at \*6 (N.D.N.Y. Aug. 19, 2013).

Third, the VA's reasoning that its *Touhy* regulations counseled against involving Ms. Parker in this litigation—by authorizing her to be deposed—is untenable.  *Schulman*, 2020 WL 5994266 at \*\*7–9.  Section 14.804(a) does not grant the VA an absolute evidentiary privilege from third-party discovery requests not enjoyed by other disinterested witness, and authorizing Ms. Parker's factual testimony does not result in the appearance that the VA is endorsing one party over the other in this private litigation.  *Brown*, 2017 WL 3620253, at \*8; *see also In re Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334, 346 (E.D. La. 2006) (the Government's

production "of a fact witness for a single deposition does not make [the agency] a part of this litigation").

In sum, the Court concludes the VA's decision to preclude Ms. Parker's deposition is arbitrary and capricious.

### C.    Federal Rules of Civil Procedure

The Government's reliance on the Federal Rules of Civil Procedure fares no better.[3]  The Court must quash a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).

As a preliminary matter, the Government misstates the burden of proof and legal standard under Rule 45(d)(3)(A)(iv).  That is, the Government argues incorrectly that the Court should quash Defendants' subpoena because Defendants "cannot show a compelling reason the VA should permit [Ms.] Parker's deposition."  MC ECF No. 1 at 7.  The Government, in fact, bears the burden of proof on its motion to quash.  *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).  And Rule 45 does not require a federal litigant to have a "compelling reason" for third-party discovery.  Instead, the Court looks to a

---

[3] Although the Court must apply the APA's arbitrary and capricious to disputes such as this until the Eleventh Circuit or United States Supreme Court says otherwise, the Court will address these arguments because it leads to the same result as APA review.

variety of factors to determine if that third-party discovery is unduly burdensome—the relevance of the information requested, the requesting party's need for discovery, the breadth of the request, the time period covered, the particularity of the request, and the burden imposed. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015).

Moreover, the Government has not presented an affidavit or other evidence in support of its claim of undue burden. This alone is a basis to reject the Government's claim. *Green v. Cosby*, 152 F. Supp. 3d 31, 37 (D. Mass. 2015). Nevertheless, the Court has considered the evidence proffered by the Government regarding Ms. Parker's assignment to the VA COVID response team, her inability to independently recall Plaintiff's examination, and the prior records as to Plaintiff Baker that the VA has produced to Defendants, MC ECF No. 1 at 6–7, and concludes that Defendants' subpoena does not present an *undue* burden on the VA or Ms. Parker. *Schulman*, 2020 WL 5994266 at *8. Defendants have asked Ms. Parker to attend a brief, remote deposition to testify to her area of expertise and a past evaluation of Plaintiff Baker. Compliance may be an inconvenience for Ms. Parker, but this is no different than a subpoena to a non-party treating physician or healthcare worker in any other personal injury case.

13

Defendants' subpoena to Ms. Parker, therefore, is not unduly burdensome under Rule 45(d)(3)(A)(iv).

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that the Government's motion to quash, MC ECF No. 1, is **DENIED**.  Defendants **must** serve a copy of this order by email on Jacqui Snead at the Department of Justice, Shaquana L. Cooper at the VA Office of the General Counsel, and Plaintiffs' Lead Counsel Bryan F. Aylstock.

**DONE AND ORDERED** this 14th day of October 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

14